UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PIERRE DAVIS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:04CV1657 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon Pierre Davis's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), filed November 30, 2004. (Doc. No. 1). The matter is fully briefed and ready for disposition.

## BACKGROUND

Movant Pierre Davis ("Movant" or "Defendant") was charged by Indictment with one count of being a Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g)(1). (Indictment (4:03CR598 JCH, Doc. No. 1)). On January 9, 2004, Movant entered a plea of guilty to Count 1 of the Indictment, pursuant to a Plea Agreement, Guidelines Recommendations and Stipulation of Facts Relative to Sentencing. (Change of Plea Proceeding (4:03CR598 JCH, Doc. Nos. 15, 16)). On March 25, 2004, the Court sentenced Movant to 46 months imprisonment, followed by two years supervised release. (Judgment (4:03CR598 JCH, Doc. No. 20)). Movant did not appeal his conviction or sentence.

On November 30, 2004, Movant filed the instant § 2255 Motion. As the Court construes his motion, Movant presents three grounds for relief[1], as follows:

---

[1] Movant apparently attempts to present a fourth claim, that the then-pending cases of United States v. Booker and United States v. Fanfan, had the potential to render his sentence

(1) That Movant received ineffective assistance of counsel, in that his plea counsel failed to object to the four-level upward adjustment to his guidelines offense level pursuant to United States Sentencing Guidelines § 2K2.1(b)(5);

(2) That the trial court violated his Sixth Amendment rights, when it increased his offense level by four levels, pursuant to U.S.S.G. § 2K2.1(b)(5), based on uncharged conduct; and

(3) That the trial court's imposition of a two year term of supervised release was illegal, because if Movant's supervised release were to be revoked, Movant could then be sent back to prison for a length of time that could exceed his original 46 months sentence.

(Movant's Memorandum and Brief in Support of Title 28 U.S.C. § 2255 Motion, PP. 3-15).

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[2]

---

unconstitutional. (Movant's Memorandum and Brief in Support of Title 28 U.S.C. § 2255 Motion, PP. 11-12). The Supreme Court rendered its decisions in Booker and Fanfan on January 12, 2005. See United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). In Never Misses A Shot v. United States, the Eighth Circuit held that, "the 'new rule' announced in *Booker* does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005) (citations omitted). Since Booker does not apply retroactively, Movant is not entitled to the ruling he seeks, and so this portion of his § 2255 Motion must be denied. See Gutierrez v. United States, 177 Fed. Appx. 510 (8th Cir. 2006).

[2] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 353 (quoting Davis v. United States, 417 U.S. 333, 344

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043 (citation omitted).

## DISCUSSION

### I. Grounds 2 and 3

In Ground 2 of his § 2255 Motion, Movant asserts the trial court violated his Sixth Amendment rights, when it increased his offense level by four levels, pursuant to U.S.S.G. § 2K2.1(b)(5), based on uncharged conduct. (Movant's Memorandum and Brief in Support of Title 28 U.S.C. § 2255 Motion, PP. 9-11). In Ground 3 of his § 2255 Motion, Movant asserts the trial court's imposition of a two year term of supervised release was illegal, because if Movant's supervised release were to be revoked, Movant could then be sent back to prison for a length of time that could exceed his original 46 months sentence. (Id., PP. 12-15).

As stated above, Movant did not pursue a direct appeal to the Eighth Circuit, and therefore did not raise the claims in Grounds 2 and 3 on direct appeal. Rather, the plea agreement between Movant and the Government contained the following waiver of Movant's appellate rights:

(1) **Appeal**; The defendant has been fully apprised of his rights to appeal by his attorney including his right to appeal his sentence under Title 18, U.S.C., Section 3742. In the event the District Court accepts the plea in this case,

---

(1974)).

- 3 -

> defendant understands that as part of this agreement, both the defendant and the Government hereby mutually agree to waive all rights to appeal all non-jurisdictional issues, including but not limited to any issues which relate to pre-trial motions, hearings and discovery; any issues which relate to the negotiation, taking or acceptance of the guilty plea; ***and whatever sentence is imposed, including any issues that relate to the establishment of the Offense Level*** or the Criminal History Category which is used to produce the Guideline range, reserving only the right to appeal from an upward or downward departure from the Guideline range that is established by the Court at sentencing. In this regard, the parties expressly acknowledge that except for the recommendations found in this Stipulation, no agreement has been reached as to issues pertinent to the Guideline calculation and the parties understand that the District Court neither is a party to, nor bound by the Guideline recommendations of the parties.

(Plea Agreement, Guidelines Recommendations and Stipulations, Doc. No. 8-3, ¶2(B)(1) (emphasis added)). The Government contends that by virtue of this provision, Movant has waived his right to pursue the claims raised in Grounds 2 and 3 of the instant motion. (Government's Response to Defendant's § 2255 Motion, PP. 7-8).

The Eighth Circuit has held that a defendant's right to appeal his conviction or sentence is purely a statutory right, and, "[i]t is well settled that a procedural right, whether constitutionally derived or grounded in statute, may be waived by a criminal defendant." United States v. Mendoza, 341 F.3d 687, 695 (8th Cir. 2003) (internal quotations and citation omitted). Further, waivers of both direct-appeal rights and collateral attack rights are enforceable in the plea agreement context. DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000) (citations omitted). Accordingly, appeal waivers are generally binding, and the Court will not review a waived issue, "unless the plea agreement was not entered knowingly and voluntarily." United States v. Mendoza, 341 F.3d at 695 (citations omitted).

During the Change of Plea Proceeding in the instant case, the Court questioned Movant with respect to his guilty plea and the waiver of his right to file a direct appeal, as follows:

| | |
|---|---|
| THE COURT: | Do you understand you are now under oath and if you would answer any of my questions falsely, you might later be prosecuted for making a false statement or for perjury? |
| DEFENDANT: | Yes, ma'am.... |
| THE COURT: | I have received a Plea Agreement, Guidelines Recommendations, and Stipulations, which is a 13-page document....Mr. Davis, have you reviewed and discussed the provisions of this document thoroughly with Ms. Jones (Movant's attorney)? |
| DEFENDANT: | Yes, ma'am. |
| THE COURT: | And are you in agreement with everything contained in this document? |
| DEFENDANT: | Yes, ma'am. |
| THE COURT: | Is there anything in the document with which you disagree? |
| DEFENDANT: | No, ma'am. |
| THE COURT: | Do you have any questions about any provision of this document? |
| DEFENDANT: | No, ma'am.... |
| THE COURT: | Now, do you understand, Mr. Davis, that normally, if I accept your plea of guilty, you would be entitled to appeal any sentence I impose, but in this plea agreement--and I'm looking now at the bottom of page 1 and going on to page 2, under Section (2)(a)--excuse me--(2)(b)--and it's on page 2--(2)(b)(1)--in that section, both you and the Government have agreed to waive or give up your right to appeal nonjurisdictional issues, and you are reserving only the right to appeal from an upward or downward departure from the Guideline range if I accept your plea of guilty? |
| DEFENDANT: | Yes, ma'am. |
| THE COURT: | Now, have you discussed that waiver with Ms. Jones? |
| DEFENDANT: | Yes, ma'am. |
| THE COURT: | And do you have any questions about it? |
| DEFENDANT: | No, ma'am. |

| | |
|---|---|
| THE COURT: | Are you in agreement with it? |
| DEFENDANT: | Yes, ma'am. |
| THE COURT: | ....[Y]ou have also agreed in this document to waive your right to challenge the conviction or sentence if I accept your plea of guilty, and you will only have the right to challenge the sentence or conviction on the grounds of--in a subsequent proceeding on the grounds of the prosecutor's misconduct or ineffective assistance of counsel. Now, have you discussed that waiver with Ms. Jones? |
| DEFENDANT: | Yes, ma'am. |
| THE COURT: | Do you have any questions about it? |
| DEFENDANT: | No, ma'am. |
| THE COURT: | Are you in agreement with it? |
| DEFENDANT: | Yes, ma'am.... |
| THE COURT: | How do you plead to Count I? Guilty or not guilty? |
| DEFENDANT: | Guilty. |

(Change of Plea Proceedings, Doc. No. 8-2, PP. 2, 4-5, 7, 8, 12). Based on Movant's representations during his Change of Plea proceeding, the Court held as follows:

| | |
|---|---|
| THE COURT: | It is the finding of the Court in the case of United States versus Davis that the Defendant is fully competent and capable of entering an informed plea, that the Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. The plea to Count I is, therefore, accepted, and the Defendant is now adjudged guilty of that offense. |

(Id., P. 12).

The Eighth Circuit has held that, "'[s]olemn declarations in open court carry a strong presumption of verity.'" Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990), quoting Blackledge

v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). This Court thus finds that Movant entered his plea of guilty in a knowing and voluntary manner. United States v. Mendoza, 341 F.3d at 695. Grounds 2 and 3 of Movant's § 2255 Motion do not raise issues that were preserved in the plea agreement. The Court therefore will enforce the plea agreement as written, and dismiss Grounds 2 and 3 of Movant's motion. Id. at 695-96.

**II.     Ground 1**

In Ground 1 of his § 2255 Motion, Movant maintains he received ineffective assistance of counsel, in that his plea counsel failed to object to the four-level upward adjustment to his guidelines offense level pursuant to United States Sentencing Guidelines § 2K2.1(b)(5).[3] (Movant's Memorandum and Brief in Support of Title 28 U.S.C. § 2255 Motion, PP. 3-9). In order to prevail on a claim of ineffective assistance of counsel, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

---

[3] Although Movant did not raise his claim of ineffective assistance of counsel on direct appeal, it is not subject to procedural default, as it could not have been raised on direct appeal. See United States v. Jones, 121 F.3d 369, 370 (8th Cir. 1997) (internal quotations and citation omitted) ("An ineffective assistance of trial counsel claim is usually not cognizable on direct appeal because facts outside the record generally need to be developed to resolve the claim.").

different." Id. at 694. In the context of a guilty plea, to demonstrate prejudice the Movant must show that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Upon consideration, the Court holds it need not consider whether Movant's counsel's alleged error was prejudicial, because Movant fails to demonstrate her performance was deficient. Rather, the Court's review of the record reveals Ms. Jones did in fact object to the four level increase to Movant's base offense level pursuant to U.S.S.G. § 2K2.1(b)(5). (See Defendant's Objections to Pre-Sentence Report (4:03CR598 JCH, Doc. No. 17)). Ms. Jones explained her decision to withdraw the objection as follows:

> 3. I am aware that Pierre Davis has filed a § 2255 motion with the District Court alleging, among other things, that I was ineffective for failing to object to and argue that a 4-level increase in Pierre Davis' guidelines range, pursuant to U.S.S.G. § 2K2.1(b)(5), was a violation of defendant's Sixth Amendment rights. Pierre Davis also alleges that prior to his change of plea he was unaware that he could face a 4-level increase in his guidelines level pursuant to U.S.S.G. § 2K2.1(b)(5)....
>
> d. I advised [Movant] prior to his plea of guilty that he could receive a 4-level increase in his guidelines level, pursuant to U.S.S.G. § 2K2.1(b)(5), as a result of his possession of cocaine base and his simultaneous possession of a firearm. I have no doubt that Pierre Davis understood the potential application of U.S.S.G. § 2K2.1(b)(5) to his sentencing range.
>
> e. After I had received the initial Presentence Report, I filed an objection, on behalf of Pierre Davis, to the application of U.S.S.G. § 2K2.1(b)(5).
>
> f. The Government filed a response to defendant's objection and put Defendant on notice that the Government was prepared to present the testimony of the arresting officers in support of the application of U.S.S.G. § 2K2.1(b)(5)....
>
> h. Prior to his sentencing, I discussed with Pierre Davis the upside and downside of proceeding with his objection to the application of U.S.S.G. § 2K2.1(b)(5). In my opinion, the testimony I anticipated that the Government would present to the court could have

established that Pierre Davis possessed a firearm in connection with his possession of cocaine base. The possession of cocaine base is a felony offense under the laws of the State of Missouri. See *Mo. Rev. Stat.* § 195.202. I feared that this testimony might have caused the Court to view Pierre Davis in a more negative light than if the testimony was not presented to the court. I believed Pierre Davis, without the testimony presented by the Government, would be in a better position to request and receive the lower end of the applicable guidelines range. Pierre Davis agreed with this assessment.

    i.    After having discussed with Pierre Davis the possibility of proceeding with his objection or withdrawing his objection, Pierre Davis agreed that the best course of action at the sentencing hearing was to withdraw the objection to the application of U.S.S.G. § 2K2.1(b)(5). I withdrew the objection with the full knowledge and voluntary consent of Pierre Davis.

    j.    I am confident that Pierre Davis understood the ramifications of withdrawing his objections to the application of U.S.S.G. § 2K2.1(b)(5).

(Declaration of Felicia Jones, Doc. No. 8-4, PP. 1-2). The transcript of Movant's sentencing proceeding supports Ms. Jones' account, as follows:

| | |
|---|---|
| MS. JONES: | I've had discussions with the Government and my client, and we've indicated that we're going to withdraw our objection.... |
| THE COURT: | And Miss Jones, you've just indicated that you and your client are withdrawing the objection to the Presentence Report? |
| MS. JONES: | That's correct, Your Honor. |

(Sentencing Transcript, Doc. No. 8-5, P. 2). Movant offers no rebuttal to the foregoing, and thus the Court finds that under the circumstances, Ms. Jones' performance may not be held constitutionally deficient. Movant's first ground for relief will therefore be denied.[4]

---

[4] To the extent Movant intends to raise an issue pursuant to <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), in any of his grounds, the Eighth Circuit has concluded that <u>Blakely</u> cannot be applied retroactively. <u>See, e.g.</u>, <u>United States v. Stoltz</u>, 149 Fed. Appx. 567, 568-69 (8th Cir. 2005), <u>cert. denied</u>, 126 S.Ct. 1589 (2006); <u>Gutierrez v. United States</u>, 177 Fed. Appx. 510 (8th Cir. 2006).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED,** and Movant's claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 20th day of April, 2007.

                                          /s/ Jean C. Hamilton
                                          UNITED STATES DISTRICT JUDGE